# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

|   |   |
|---|---|
| IN RE: HERFF JONES DATA BREACH LITIGATION )<br>)<br>)<br>This Document Relates to: )<br>All Actions )<br>) | Master File No. 1:21-cv-1329-TWP-DLP<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Judge Doris L. Pryor |

## AMENDED ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Unopposed Motion for Preliminary Approval of Settlement ("Motion") of Plaintiffs Justin Ahn, Kevin Bersch, Leighton Blackwood, Miriam Barnicle, Elizabeth Furcinito, Crysta Garner, Angela Garett, Niculina Odagiu, Andrew Pawelczyk, Connie Quintana, Kristin Walker, and Keisha Windham ("Plaintiffs"). Plaintiffs in this lawsuit (the "Litigation") assert claims on behalf of themselves and the proposed Settlement Class arising out of an alleged cyberattack on certain computer systems that process online shopping transactions for the customers of Herff Jones, LLC ("Herff Jones" or "Defendant").[1]

On January 4, 2022, Plaintiffs and Herff Jones (together, the "Parties") executed a Class Action Settlement Agreement ("Settlement Agreement") on behalf of themselves and the Settlement Class that Plaintiffs seek to certify. Having thoroughly reviewed the Settlement Agreement and exhibits thereto and having considered the arguments of the Parties, THE COURT HEREBY FINDS, CONCLUDES AND ORDERS THE FOLLOWING:

---

[1] Capitalized terms not defined herein have the definitions given to them in the Settlement Agreement. Dkt. __ § III.

1. The Parties have agreed to a class action settlement of all Released Claims, including Unknown Claims. Plaintiffs seek, and for purposes of settlement only Herff Jones does not object to, certification of a Settlement Class with the following definition:

> All Persons residing in the United States whose Personal Information was exposed or potentially exposed in connection with the Data Incident, including but not necessarily limited to all Persons who were mailed a notification by or on behalf of Herff Jones between or around the period of May 12, 2021-June 18, 2021 regarding the Data Incident.
>
> Specifically excluded are the following Persons:
>
> (i) Any judge presiding over this matter and any members of their first-degree relatives and judicial staff;
>
> (ii) The officers and directors of Herff Jones;
>
> (iii) Settlement Class Counsel and their first-degree relatives; and
>
> (iv) Persons who timely and validly request exclusion from the Settlement Class in accordance with the Court's orders.

2. For purposes of preliminary approval, this Court assesses the Settlement Agreement under Fed. R. Civ. P. 23(e). Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner" to proposed Settlement Class Members "if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

### Likely Approval as Fair, Reasonable and Adequate

3. To determine whether the Settlement Agreement is fair, reasonable and adequate, Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of

2

   any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

  4. The Settlement Class representatives proposed in the Consolidated Class Action Complaint ("CCAC") (Dkt. 30) are adequately representing the proposed Settlement Class: they share the same alleged injury (that their Personal Information was exposed or potentially exposed in the Data Incident) and the same interest (maximizing recovery related to the Data Incident). Bryan L. Bleichner of Chestnut Cambronne PA, Gary M. Klinger of Mason Lietz & Klinger LLP, and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC are also adequately representing the proposed Settlement Class.

  5. There is no question that the Parties are at arm's length.  The Settlement Agreement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through mediation-related discovery and whose negotiations were supervised by respected class-action mediator the Honorable Wayne R. Andersen (Ret.) of JAMS.

  6. The Settlement Agreement provides adequate relief to the proposed Settlement Class.  As part of the settlement, every Settlement Class Member who attests that he or she used one or more of his or her debit or credit cards to purchase good(s) or service(s) from Herff Jones during the Data Incident is eligible to receive $75, regardless of whether he or she experienced any fraudulent or unauthorized charges or whether he or she claims to have experienced any identity theft as a result of the Data Incident ("Tier 1 Award").  In the alternative, Settlement Class Members are eligible to receive up to $200 for time spent addressing fraudulent transactions or monitoring their accounts as a result of the Data Incident ("Tier 2 Award") or up to $5,000 for actual, documented and unreimbursed monetary Out Of Pocket Expenses incurred as a result of

the Data Incident ("Tier 3 Award"). Finally, California Settlement Subclass Members are eligible for an additional benefit of $100. If the Settlement Agreement had not been reached, the Parties planned to vigorously contest Herff Jones' expected motion dismiss as well as class certification, and Plaintiffs' chances at trial also would have been uncertain. In light of the costs, risks and delay of trial and appeal, this compensation is at least adequate for purposes of Rule 23(e)(1).

7. There is no reason to doubt the effectiveness of distributing relief under the Settlement Agreement. As further addressed below, the Parties propose a Notice Program reasonably calculated to reach nearly all members of the proposed Settlement Class.

8. This Court will fully assess the request of Settlement Class Counsel for the Attorneys' Fees and Expenses Award after receiving its motion supporting such request. At this stage, the Court finds that the plan to request fees to be paid from the Settlement Fund creates no reason not to direct notice to the proposed Settlement Class. In particular, should the Court find any aspect of the requested Attorneys' Fees and Expenses Award unsupported or unwarranted, such funds would not be returned to Herff Jones, and therefore the Settlement Class would not be prejudiced by directing notice at this time.

9. No agreements exist between the Parties aside from those referred to in the Settlement Agreement and/or submitted to the Court.

10. The Settlement Agreement treats members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class are eligible for a $75 payment, Out of Pocket Expenses reimbursement, or reimbursement for lost time. California Settlement Subclass Members are eligible for an additional award based on the statutory damages provided under the California Consumer Privacy Act. These are equitable terms.

11. Having thoroughly reviewed the Settlement Agreement, the supporting exhibits and the Settling Parties' arguments, this Court finds that the Settlement Agreement is fair, reasonable and adequate to warrant providing notice to the Settlement Class, and thus likely to be approved, subject to further consideration at the Final Approval Hearing to be conducted as described below.

### **Likely Certification of Settlement Class**

12. The Court assesses the likelihood that it will be able to certify the proposed Settlement Class under Rules 23(a) and 23(b)(3) (because this Settlement Class seeks damages). See Fed. R. Civ. P. 23(a)-(b). The Court makes this assessment for the purposes of settlement only at this time.

13. The proposed Settlement Class is sufficiently numerous under Rule 23(a)(1) because over one million Consumers used debit, credit, or other payment cards to purchase goods or services from Herff Jones during the Data Incident, all of whom would be members of the Settlement Class.

14. Resolution of the Litigation would depend on the common answers to common questions, such as whether Herff Jones adequately protected the Personal Information of Consumers and whether Herff Jones adequately provided notice of the Data Incident to Consumers.

15. Plaintiffs' claims are typical of the claims of the members of the proposed Settlement Class because they challenge the same conduct—Herff Jones' protection of Consumer Personal Information and response to the Data Incident—and make the same legal arguments. Typicality under Rule 23(a)(3) is satisfied.

16. The proposed Settlement Class representatives and Settlement Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class.

17. At least for purposes of settlement, the common issues in the Litigation predominate over individual issues under Rule 23(b)(3). Key elements of Plaintiffs' claims are Herff Jones' allegedly inadequate protection of Consumer Personal Information and Herff Jones' allegedly inadequate notification to Consumers of the Data Incident.

18. The settlement would be superior under Rule 23(b)(3) to many individual actions. Many members of the proposed Settlement Class may not have suffered sufficient damages to justify the costs of expensive litigation, and if the members of the proposed Settlement Class with higher potential damages won significant verdicts, they might deprive remaining Class Members of compensation. The Settlement Agreement ensures that all Settlement Class Members will have the opportunity to be compensated through cash payments.

19. For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court finds it will likely certify the Settlement Class defined above in paragraph 1 of this Order. This finding is subject to further consideration at the Final Approval Hearing to be conducted as described below.

20. The Court hereby preliminarily appoints the Plaintiffs as representatives of the Settlement Class. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby preliminarily appoints Bryan L. Bleichner of Chestnut Cambronne PA, Gary M. Klinger of Mason Lietz & Klinger LLP and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC as Settlement Class Counsel for the Settlement Class.

21. In any final approval order issued after the Final Approval Hearing, the Court will bar and permanently enjoin all Settlement Class Members that have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or

other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims (including the Unknown Claims) and (b) organizing Settlement Class Members that have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims (including the Unknown Claims), except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

## Approval of the Manner and Form of Notice

22. Having preliminarily approved the Settlement Agreement, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The Parties have submitted a proposed Claim Form, attached to Plaintiffs' Memorandum in Support of its Motion as Exhibit 1-A. They have also proposed three types of Class Notice: a web-published Long Notice and an emailed and mailed Summary Notice, which are attached to Plaintiffs' Memorandum in Support of its Motion as Exhibits 1-B and 1-C.

23. Having reviewed these exhibits and the Settlement Agreement, the Court finds that the Parties' proposed plan for providing notice to Settlement Class Members (a) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice, (b) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the settlement and (c) meets all applicable requirements of applicable law. The Notice Program satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The Court therefore approves the

Notice Program, the Claim Form and the notice documents substantially in the form attached as the exhibits to the Settlement Agreement.

24. Angeion Group ("Angeion") has been selected to serve as the Claims Administrator under the terms of the Settlement Agreement. The Court hereby appoints Angeion to serve as the Claims Administrator to be supervised jointly by Settlement Class Counsel, Plaintiffs and counsel for Herff Jones in taking the actions ordered below and performing any other duties of the Claims Administrator provided for in the Settlement Agreement.

25. Accordingly, the Court hereby ORDERS as follows:

a. Within ten (10) days of entry of the Preliminary Approval Order, Herff Jones shall provide the Claims Administrator with a list of Settlement Class Members in Excel format including, to the extent available, the name, physical mailing address and email address of each Settlement Class Member.

b. Within forty-five (45) days after entry of the Preliminary Approval Order, the Claims Administrator shall mail, by First Class U.S. Mail, postage pre-paid (to the extent mailing addresses are available), and email (to the extent email addresses are available) the Summary Notice to Settlement Class Members. Within twenty (20) days after sending such mail and email, the Claims Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any Settlement Class Members for which the Claims Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered.

c. By the time the Claims Administrator first mails and emails the Summary Notice to Settlement Class Members, the Claims Administrator shall establish a dedicated settlement website, that includes the Settlement Agreement, the Long Notice, the Summary

Notice and the Claim Form approved by the Court. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the settlement website copies of the motion for final approval of the Settlement Agreement, and the motion for Attorneys' Fees and Expenses Award and Service Award. A toll-free number with interactive voice response, FAQs, and an option to speak to a live operator shall also be made available to address Settlement Class Members' inquiries. The settlement website shall not include any advertising and shall remain operational until thirty (30) days following the Effective Date, at which time the Claims Administrator shall terminate the settlement website and transfer ownership of the URL to Herff Jones

  d. At least twenty-one (21) days before the Claims Deadline, the Claims Administrator shall send a second email of the Summary Notice to Settlement Class Members with a valid email address.

  e. Prior to the Final Approval Hearing, Counsel for the Settling Parties shall cause to be filed with the Court an appropriate declaration from the Claims Administrator demonstrating compliance with the Court-approved Notice Program.

  f. The Claims Administrator shall determine whether a claimant's Claim Form, along with supporting materials, are sufficient to support a Claim. If the Claims Administrator should receive an incomplete Claim Form or a Claim Form with insufficient documentation to determine whether the claimant is a Settlement Class Member, the Claims Administrator shall request additional information and give the claimant twenty-one (21) days to cure any defect(s) before rejecting a Settlement Claim. The Claims Administrator's requests for additional information shall be made within twenty-one (21)

days after the Claims Deadline. If a Settlement Class Member fails to correct all deficiencies within twenty-one (21) days from receiving a request for additional information, the Claims Administrator shall deny the claimant's Settlement Claim and the claimant will not be entitled to an Award.

      g.      After receiving additional information, the Claims Administrator shall have thirty (30) days to accept or reject each Settlement Claim. If after review of the Settlement Claim and all documentation submitted by the claimant, the Claims Administrator determines that such a Settlement Claim is valid, then the Settlement Claim shall be paid within the time period provided in the Settlement Agreement. If the Settlement Claim remains invalid because the claimant does not provide the requested information needed to complete the Claim Form and evaluate the Settlement Claim, then the Claims Administrator may reject the Settlement Claim without any further action apart from providing a notice of rejection of the Settlement Claim. If the Settlement Claim is rejected for other reasons, it shall be referred to the Hon. Wayne Andersen (Ret.) of JAMS, hereby appointed as the Claims Referee.

      h.      The Claims Referee shall have the power to approve or deny a Settlement Claim. If any dispute is submitted to the Claims Referee, the Claims Referee shall make a final determination of the dispute or request further supplementation of a Settlement Claim within twenty-one (21) days. The Claims Referee's determination shall be based on whether the Claims Referee is persuaded that the claimant is a member of the Settlement Class and entitled to an Award. The Claims Referee's decision will be final and non-appealable.

    i.  The Claims Administrator shall forward any objections to the Settlement Agreement received from Settlement Class Members to Settlement Class Counsel and counsel for Herff Jones.

    j.  Within seven (7) days after the Opt-Out Date, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions. Settlement Class Counsel may file these materials with the Court, with any Personal Information other than names and cities and states of residence redacted, no later than seven (7) days prior to the Final Approval Hearing.

  **Participation in, Exclusion from or Objection to the Settlement Agreement**

  26.  Each form described in this section shall be deemed to be submitted when postmarked or when electronically received by the Claims Administrator if submitted electronically.

  27.  Settlement Class Members who wish to receive Tier 1, 2, or 3 Awards and/or California Claim payments under the Settlement Agreement must properly and timely complete, sign and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be submitted no later than one hundred twenty (120) days after entry of the Preliminary Approval Order.

  28.  Settlement Class Members that wish to exclude themselves from (<u>i.e.</u>, opt out of) the settlement must send a Request for Exclusion that:

    a.  States the Settlement Class Member's full name, address, and telephone number;

      b.      Contains the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and

      c.      States unequivocally the Settlement Class Member's intent to be excluded from the settlement.

29. If a Settlement Class Member's Request for Exclusion covers a payment card that includes co-signers or co-holders on the same payment card account, the Settlement Class Member's Request for Exclusion shall be deemed to be properly completed and executed as to that payment card only if all co-signers or co-holders elect to and validly opt out.

30. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion; so-called "mass" or "class" opt outs shall not be allowed.

31. All Requests for Exclusion must be submitted no later than ninety (90) days after the date of entry of the Preliminary Approval Order. Any member of the Settlement Class that submits a timely Request for Exclusion may not file an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

32. Any Settlement Class Member that fails to submit a timely and complete Request for Exclusion sent to the proper address shall be subject to and bound by the Settlement Agreement and every order or judgment entered pursuant to the Settlement Agreement. Any purported Request for Exclusion or other communication sent to such address that is unclear or internally inconsistent with respect to the Settlement Class Member's desire to be excluded from the

Settlement Class will be deemed invalid unless determined otherwise by the Court. Requests for Exclusion signed only by counsel or another representative shall not be permitted.

33. Any Settlement Class Member that wishes to be heard at the Final Approval Hearing, or that wishes for any objection to be considered, must file with the Clerk of the Court a written notice of objection, including any request to be heard, no later than ninety (90) days after the date of entry of the Preliminary Approval Order. Such objection must provide:

    a. The objector's full name, address, telephone number, and e-mail address (if any);

    b. Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class;

    c. A statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class;

    d. A clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable;

    e. The identity of any counsel representing the objector;

    f. A statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel;

    g. A list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and

    h. The objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

34. The Settlement Class Member must also serve by mail or hand delivery his or her notice of objection, including any request to be heard, including all papers or evidence in support thereof, upon one of the Settlement Class Counsel and counsel for Herff Jones, at the addresses set forth in the Class Notice. In addition, Settlement Class Members who object to the proposed Class Settlement Agreement must make themselves available to be deposed regarding the grounds for their objection and must provide along with their objection the dates when the objector will be available to be deposed during the period from when the objection is filed through the date five (5) days before the Final Approval Hearing.

35. Except upon a showing of good cause, any Settlement Class Member who fails to substantially comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

36. Settlement Class Counsel and counsel for Herff Jones may respond to any objection filed by a Settlement Class Member, and must file such a response with the Court no later than fourteen (14) days prior to the Final Approval Hearing.

37. Settlement Class Members may not both object and opt out. If a Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion shall be controlling.

38. Any Settlement Class Member that does not file a timely, written objection to the Settlement Agreement or that fails to otherwise comply with the requirements outlined above shall be foreclosed from seeking any adjudication or review of the Settlement Agreement by appeal or otherwise.

### **Final Approval Hearing and Related Deadlines**

39.     This Court will hold a Final Approval Hearing on **July 18, 2022 at 2:00 p.m.** in the United States District Court for the Southern District of Indiana, Courtroom 344, 46 East Ohio Street, Indianapolis, IN 46204 or by remote or virtual means as ordered by the Court. The purposes of the Final Approval Hearing will be to consider the fairness, reasonableness and adequacy of the proposed settlement and the application for an award of Attorneys' Fees and Expenses and Service Awards, and to consider whether the Court should issue a Final Approval Order approving the Settlement Agreement, granting Settlement Class Counsel's application for fees and expenses, granting the Service Awards application of Plaintiffs and dismissing the claims against Herff Jones with prejudice.

40.     The Court reserves the right to adjourn the Final Approval Hearing without further notice to Settlement Class Members, or to approve the Settlement Agreement with modification without further notice to Settlement Class Members.

41.     Any Settlement Class Member may appear at the Final Approval Hearing by filing with the Clerk of the Court a written notice of objection in accordance with the requirements outlined above and including a statement that he or she intends to appear at the Final Approval Hearing, either with or without counsel, along with a list of all Persons, if any, that will be called to testify in support of the objection.

42.     If any Settlement Class Member hires an attorney to represent the Settlement Class Member at the Fairness Hearing, that attorney will be at the Settlement Class Member's expense.

43.     Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement and who intends to make an appearance at the Final Approval Hearing must provide to Settlement Class Counsel and counsel for Herff Jones and to file with the Clerk of the Court a

notice of intention to appear no later than ninety (90) days after the entry of the Preliminary Approval Order.

44. Settlement Class Counsel's papers in support of any application for Attorneys' Fees and Expenses and/or Service Awards shall be filed by the time the Claims Administrator first mails and emails the Summary Notice to Settlement Class Members. If any reply papers are necessary, they shall be filed no later than fourteen (14) days prior to the Final Approval Hearing.

45. Settlement Class Counsel's papers in support of final approval of the Settlement Agreement shall be filed sixty (60) days after the Claims Administrator first mails and emails the Summary Notice to Settlement Class Members. If any reply papers are necessary, they shall be filed no later than seven (7) days prior to the Final Approval Hearing.

## Effects of this Preliminary Approval Order

46. All proceedings in the Litigation other than those related to approval of the Settlement Agreement are hereby stayed.

47. If for any reason the Settlement Agreement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification—which shall not include any modification to an award of Attorneys' Fees and Expenses or to the Service Awards—if either party elects to terminate the Settlement Agreement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

48. As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement Agreement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement Agreement, and any act performed or document signed in connection

with this Order and the Settlement Agreement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission or evidence or be deemed to create any inference against any party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Herff Jones to the Plaintiffs, the Settlement Class or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this case; (iv) that Herff Jones agrees that a litigation class may be properly certified in this case; (v) of any damages or lack of damages suffered by the Plaintiffs, the Settlement Class or anyone else; or (vi) that any benefits obtained by the Settlement Class pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in the actions in this case if they were not settled at this point in time. The fact and terms of this Order and the Settlement Agreement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement Agreement, including but not limited to the judgment and the release of the Released Claims provided for in the Settlement Agreement and any judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement Agreement.

49. All members of the Settlement Class (unless and until they have timely and properly excluded themselves from the Settlement Class) are preliminarily enjoined from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, participant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other

proceeding as a class action on behalf of any member of the Settlement Class that has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, including the Unknown Claims; and (c) attempting to effect opt outs of a class of individuals in this lawsuit or any other lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, including the Unknown Claims.

50. Any member of the Settlement Class who does not submit a timely and valid written Request for Exclusion from the Settlement Class (i.e., become an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

Date: 1/12/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution to all electronically
registered counsel of record via
CM/ECF