**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE: HERFF JONES DATA BREACH LITIGATION | ) ) ) ) | Master File No. 1:21-cv-1329-TWP-DLP |
| This Document Relates to: All Actions | ) ) ) ) | |

**PLAINTIFFS' MOTION FOR
APPROVAL OF ATTORNEYS' FEES AWARD AND
SERVICE AWARD TO REPRESENTATIVE PLAINTIFFS**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL AND PROCEDURAL HISTORY ................................................... 4

III.    ARGUMENT ....................................................................................................... 6

    A.      The Requested Attorneys' Fee Award is Reasonable and Appropriate ............ 6

        1.  Counsel Assumed the Risk of Non-Payment ..................................... 7

        2.  The Quality of Counsel's Performance .............................................. 8

        3.  The Complexity, Length, and Expense of the Litigation................... 10

        4.  The Stakes of the Litigation .............................................................. 10

IV.     THE REQUESTED SERVICE AWARDS ARE REASONABLE AND APPROPRIATE .................................................................................................. 10

V.      CONCLUSION ................................................................................................... 12

## **TABLE OF AUTHORITIES**

<u>**CASES**</u>                                                                                                    <u>**PAGE(S)**</u>

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
  Nos. 07-CV-2898, 09-CV-2026, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012) ....................... 11

*Behrens v. Landmark Credit Union*,
  No. 17-cv-101-jdp, 2018 U.S. Dist. LEXIS 106358 (W.D. Wis. June 26, 2018) .................. 7

*Bell v. Pension Comm. of Ath Holding Co. LLC*,
  2019 U.S. Dist. LEXIS 150302 (S.D. Ind. Sep. 4, 2019) ..................................................... 7

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ............................................................................................................. 6

*Cook v. Niedert*,
  142 F.3d 1004 (7th Cir. 1998) ...................................................................................... 10, 11

*Crawford Lumber Co. v. Interline Brands, Inc.*,
  No. 11-CV-4462, 2015 WL 1399367 (N.D. Ill. Mar. 23, 2015) ........................................... 11

*Donovan v. Est. of Frank E. Fitzsimmons*,
  778 F.2d 298 (7th Cir. 1985) ............................................................................................... 9

*Gallant v. Arrow Consultation Servs.*,
  2020 U.S. Dist. LEXIS 77857 (S.D. Ind. May 4, 2020) ..................................................... 11

*Gaskill v. Gordon*,
  160 F.3d 361 (7th Cir. 1998) ............................................................................................... 7

*Gordon v. Chipotle Mexican Grill, Inc.*,
  No. 17-CV-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ........................ 8

*Hale v. State Farm Mut. Auto. Ins. Co.*,
  No. 12-0660-DRH, 2018 U.S. Dist. LEXIS 210368 (S.D. Ill. Dec. 13, 2018) ...................... 7

*In re Dairy Farmers of Am., Inc.*,
   80 F.Supp.3d 838 (N.D. Ill. 2015) ..................................................................................... 7

*In re Sw. Airlines Voucher Litig.*,
  898 F.3d 740 (7th Cir. 2018) ............................................................................................... 6

*In re Synthroid Marketing Litig.*,
  325 F.3d 974 (7th Cir. 2003) ............................................................................................... 7

*In re Synthroid Mktg. Litig.*,
  264 F.3d 712 (7th Cir. 2001) ............................................................................................... 6

*In re Trans Union Corp. Privacy Litig.*,
  629 F.3d 741 (7th Cir. 2011) ............................................................................................... 8

*Kolinek v. Walgreen Co.*,
   311 F.R.D. 483 (N.D. Ill. 2015) ........................................................................... 11

*Martin v. Caterpillar Inc.*, No. 07-CV- 1009,
   2010 U.S. Dist. LEXIS 145111, 2010 WL 11614985 (C.D. Ill. Sept. 10, 2010) ...................... 7

*Pearson v. NBTY, Inc.*,
   772 F.3d 778 (7th Cir. 2014) ................................................................................ 6

*Silverman v. Motorola Solutions, Inc.*,
   739 F.3d 956 (7th Cir. 2013) ................................................................................ 7

*Sutton v. Bernard*,
   504 F.3d 688 (7th Cir. 2007) ................................................................................ 6

*Yvonne Mart Fox v. Iowa Health Sys.*,
   No. 3:18-cv-00327-JDP, 2021 U.S. Dist. LEXIS 40640 (W.D. Wis. Mar. 4, 2021) ............... 8

## **STATUTES**

California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 et seq. ......................................... 4

## **RULES**

Fed. R. Civ. P. 23(h) ................................................................................................. 6

## I.      INTRODUCTION

Plaintiffs Justin Ahn, Kevin Bersch, Leighton Blackwood, Miriam Barnicle, Elizabeth Furcinito, Crysta Garner, Angela Garett, Niculina Odagiu, Andrew Pawelczyk, Connie Quintana, Kristin Walker, and Keisha Windham ("Plaintiffs") through their undersigned counsel, respectfully move this Court for entry of an Order approving: (1) Class Counsel's requested attorneys' fees award of $1,552,500, which is 35 percent of the Settlement Fund and a service award to each Plaintiff of $2,500.[1]

This data breach class action arises out of the alleged negligence by Herff Jones, LLC ("Herff Jones" or "Defendant") in failing to safeguard and protect customers' Personally Identifiable Information ("PII") from unauthorized access and disclosure.  As a result, Herff Jones experienced a security incident whereby unauthorized third parties may have accessed, via its' website, certain PII for those customers who made a purchase on Herff Jones' website from August 1, 2020 to May 12, 2021 (the "Data Incident"). *See* Class Settlement Agreement and Release (hereinafter, "SA"), § 1 (ECF No. 59-1).  Plaintiffs allege that the unauthorized third parties exfiltrated everything they needed to illegally use Herff Jones' customers' payment cards to make fraudulent purchases, and that the stolen names and card information was for sale on the dark web where criminals can acquire PII for malicious activity and identity theft.

Following a day-long mediation session on October 19, 2021, before mediator The Honorable Wayne Andersen (ret.), the Parties reached a resolution that—if accepted—would resolve the litigation and provides substantive relief to the approximately 1,000,000 Settlement

---

[1] Unless otherwise indicated, the defined terms herein shall have the same definition as set forth in the Class Settlement Agreement and Release dated January 4, 2022 (the "Settlement Agreement" or "SA"), filed on June 7, 2021. ECF No. 59-1.

Class Members ("Class Members"). *See* Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 58 ("Mem.") at p. 2.

The Settlement is an excellent resolution of this high-risk, complex litigation and provides substantial monetary benefit to Class Members: Class Members who make a claim will receive a monetary award estimated at a minimum of $75, with additional amounts being available for California residents and for those with actual, documented expenses. SA ¶¶2.4-2.6.

Through Class Counsel's efforts, a Settlement Fund of $4,350,000 has been created which shall pay for: (1) all payments of valid Reimbursement Award claims from Class Members and all Basic Award payments; (2) the costs of claims administration, estimated to be $533,870.00, and a claims referee to resolve any disputed claims; (3) attorneys' fees and costs to be determined by the Court; and (4) a Class Representative service award (the "Settlement"). *See id.*, ¶¶ 7, 9.1-9.2. Class Members will have the option of claiming one of three different tiers of rewards, along with an automatic $100 additional payment for California Subclass members. *Id.* at ¶¶ 2.4.-2.7. The Tier 1 Award is a $75 payment for anyone who is a member of the class. No proof of fraudulent charges or out-of-pocket expenses is necessary *Id.* at ¶ 2.4. The Tier 2 award is for any class member who attests that he or she incurred fraudulent charges and can demonstrate evidence of those charges. Those class members can receive $25 per hour of time spent addressing those fraudulent charges as well as time spent monitoring their accounts up to a maximum of $200. *Id.* at ¶ 2.5 The Tier 3 award of for any class member who can demonstrate unreimbursed out-of-pocket losses more likely than not caused by the Data Incident. Tier 3 class members may receive up to $5,000 of documented unreimbursed out-of-pocket expenses. *Id.* at ¶ 2.6. If there are insufficient funds to cover all awards or residual funds left over after all funds are allocated, then the awards will be increased or decreased pro rata up to a maximum of $200 for Tier 1 claimants,

$50 per hour for Tier 2 claimants, $10,000 total for Tier 3 claimants, and $200 total for California subclass members. *Id.* at ¶ 2.8. If any funds remain in the Settlement Fund after distribution to Class Members, the balance will be distributed to a *cy pres* recipient to be selected by the Parties and approved by the Court. *Id.*

In addition, to help protect consumers, Herff Jones has agreed to take extensive and costly steps to secure current and future customers' PII. Among other things, Herff Jones has agreed to further develop, implement, and maintain a comprehensive information security program that is reasonably designed to protect the security, integrity, and confidentiality of PII that Herff Jones collects or obtains from consumers. *See* SA, ¶ 2.9. Together the Settlement Fund and the corrective measures Defendant is taking, and will continue to take, provide Class Members with both improved security of their PII and compensation for the damages they sustained as a result of the Data Incident.

For their efforts in achieving these results, Class Counsel seek an award of $1,552,500 in attorneys' fees and reasonable costs and expenses combined, which is 35 percent of the total Settlement Fund. Additionally, Class Counsel also seek a service award of $2,500 for each Representative Plaintiff in recognition of the time and effort they incurred and the risks they undertook in pursuing claims that benefited the Settlement Class. *See* SA, § 9.2.

As discussed below, the fee request is reasonable when considered under the applicable Seventh Circuit standards and is well within the normal range of awards in contingent-fee class actions in this Circuit. Moreover, the requested $2,500 per class representative service award for the Representative Plaintiff is reasonable, as well as standard, for this type of action, and should be approved.

## II.      FACTUAL AND PROCEDURAL HISTORY

Herff Jones specializes in selling and renting graduation regalia and related materials, including graduation announcements and class rings.  *See* First Amended Complaint ("FAC"), ¶ 2, ECF No. 30.

On or about May 12, 2021, Herff Jones began notifying customers and state Attorneys General about the Data Incident whereby hackers stole customers' PII, including names, email addresses, addresses, payment card account numbers, card expiration dates, and card verification codes. *See id*., ¶ 5-6.  Plaintiffs allege that the hackers obtained everything they needed to illegally use payment cards to make fraudulent purchases and to steal customers' identities by selling the information on the dark web. *See id*., ¶ 7.

Plaintiffs Angela Garrett and Crystal Garner filed the initial complaint on May 25, 2021 and the FAC on July 26, 2021, alleging causes of action for negligence, negligence *per* se, breach of implied contract, unjust enrichment, declaratory judgment, and various state consumer protection laws, including the California Consumer Privacy Act. *See id*., ¶¶ 247-421. More specifically, Plaintiffs alleged that Herff Jones' customers' PII was compromised due to Defendant's negligent and/or careless acts and omissions and the failure to protect customers' data, and that, in addition to its failure to prevent the Data Incident, Defendant failed to detect and report the breach for an unreasonable time. *Id*.

As a result, Plaintiffs alleged that they and similarly situated customers (*i.e.*, Class Members) suffered injury as a result of Defendant's conduct, including:  (i) lost or diminished value of their PII; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Incident,

including but not limited to lost time; and (iv) the continued risk to their PII, which Plaintiffs alleged may remain available on the dark web for individuals to access and abuse, and remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII.

The Parties agreed to participate in mediation and, prior to doing so, informally exchanged discovery on a variety of topics including details of Plaintiffs' injuries as well as the class allegations. The Parties also drafted and exchanged mediation briefs prior to mediation. Shortly after an all-day mediation with The Honorable Wayne Andersen (ret.), on October 19, 2021, the Parties agreed in principle to the terms of a Settlement and spent the next few weeks negotiating the details of the Settlement Agreement and its exhibits.

The Parties subsequently executed the Settlement Agreement on January 4, 2022 and moved for preliminary approval on January 6, 2022. This Court granted preliminary approval (following the filing of a corrected proposed order) on January 12, 2022. ECF No. 65.

The Class Notice advised Class Members that Class Counsel "will request the Court's approval of an award for attorneys' fees and costs up to 35 percent of the Settlement Fund (or up to $1,552,500), which shall be paid from the Settlement Fund." SA, Ex. 1-B, ¶ 19. The objection deadline is April 12, 2022. ECF No. 65, ¶ 33.

Though the objection deadline is not yet past, as of the date of this filing, Class Counsel is not aware of any objections by Class Members to any aspect of the Settlement, including the request for attorneys' fees, reimbursement of expenses, or service award for the Representative Plaintiff.

## III.    ARGUMENT

### A.    The Requested Attorneys' Fee Award is Reasonable and Appropriate

Under the "common fund" or "common benefit" doctrine, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). *See also* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement."). This rule is equitable in nature and "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing Co.*, 444 U.S. at 478. *See also In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 745–46 (7th Cir. 2018) ("Fee awards for class counsel are part of a constructive common fund because they are a benefit to the class"); *Pearson v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014) ("value of the settlement" is "defined as the sum of the awards to the class and to its lawyers.").

"In assessing the reasonableness of an attorney fee award for a class action settlement, district courts should 'do their best to award counsel the market price for legal services, in light of the risk of non-payment and the normal rate of compensation in the market at the time.'" *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007) (quoting *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001)). Relevant factors include the risk of non-payment, the quality of the attorney's performance, the amount of work necessary to resolve the litigation, and the stakes of the case. *Id.* at 693.

The Seventh Circuit has held that "[w]hen a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund, in recognition of the fact that most suits for damages in this country are handled on the plaintiff's side on a contingent-fee

6

basis. The typical contingent fee is between 33 and 40 percent." *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) (upholding the award of 38 percent of a $20 million settlement).  District Courts within the Seventh Circuit "regularly award percentages of 33.33% or higher to counsel in class action litigation." *Hale v. State Farm Mut. Auto. Ins. Co*., No. 12-0660-DRH, 2018 U.S. Dist. LEXIS 210368 at *35 (S.D. Ill. Dec. 13, 2018).  *See also, Behrens v. Landmark Credit Union*, No. 17-cv-101-jdp, 2018 U.S. Dist. LEXIS 106358 at *16 (W.D. Wis. June 26, 2018) ("And generally, a 33 to 40 percent contingency fee is considered consistent with the market rate and reasonable."); *Martin v. Caterpillar Inc*., No. 07-CV- 1009, 2010 U.S. Dist. LEXIS 145111, 2010 WL 11614985, at *2 (C.D. Ill. Sept. 10, 2010) ("[C]ourts in the Seventh Circuit award attorney fees 'equal to approximately one-third or more of the recovery.' . . . The Seventh Circuit itself has specifically noted that 'the typical contingent fee is between 33 and 40 percent.'") (citation omitted)[2].

Class Counsel's requested attorneys' fees award of $1,552,500 represents 35 percent of the total Settlement Fund.  Class Counsel's request is within the range of 33 to 40 percent commonly awarded by courts in the Seventh Circuit in common fund cases and is therefore reasonable.

### 1.   Counsel Assumed the Risk of Non-Payment

Courts emphasize the severity of the financial risk class counsel assumed in taking on a class action when determining the reasonableness of a fee request. *In re Dairy Farmers of Am., Inc.,* 80 F.Supp.3d 838, 847 (N.D. Ill. 2015); *see also Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013) ("Contingent fees compensate lawyers for the risk of non-payment. The greater risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel."); *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 746 (7th Cir.

---

[2]  Plaintiffs note that the use of a lodestar cross-check in the Seventh Circuit "is no longer recommended." *See Bell v. Pension Comm. of Ath Holding Co. LLC*, 2019 U.S. Dist. LEXIS 150302 at *14 (S.D. Ind. Sep. 4, 2019) (citing *In re Synthroid Marketing Litig*., 325 F.3d 974, 979-80 (7th Cir. 2003))

2011) ("[I]f the market-determined fee for a sure winner were $1 million the market determined fee for handling a similar suit with only a 50% chance of a favorable outcome should be $2 million.").

Class Counsel initiated the lawsuit knowing that it would require expenditure of significant time, effort, and money in order to achieve a successful resolution to the matter. There was uncertainty in the outcome of the case as Class Counsel knew that Defendant could file a motion to dismiss. Class Counsel would have to prevail over that motion and at class certification, trial, and potentially on appeal. Class certification in a data breach case is never guaranteed and could have presented a significant hurdle for Plaintiff in this matter. *Yvonne Mart Fox v. Iowa Health Sys.*, No. 3:18-cv-00327-JDP, 2021 U.S. Dist. LEXIS 40640, at *13-14 (W.D. Wis. Mar. 4, 2021) ("breach cases . . . are particularly risky, expensive, and complex.") (quoting *Gordon v. Chipotle Mexican Grill, Inc.,* No. 17-CV-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019)). As such, the significant risk that Class Counsel accepted by taking on this matter on a contingency basis weighs in favor of approval of this motion.

## 2. The Quality of Counsel's Performance

Class Counsel achieved an automatic benefit for every class member who files a claim and an easy to claim benefit available to those class members who experienced significant out-of-pocket losses as a result of the Data Incident. The Settlement is a fair, reasonable, and adequate remedy for Class Members when compared to the facts and law at issue in this matter. Class Counsel represented the Class at various stages of litigation including: (1) drafting the initial complaint and the consolidated amended complaint; (2) engaging in discovery and investigation of the Data Incident; (3) interviewing plaintiffs and other victims of the Data Incident and provided

guidance to Class Members; and (4) engaging in comprehensive arm's-length settlement negotiations with Defendant at an all-day mediation with a mediator.

These efforts resulted in a Settlement with benefits to the Class that they would not otherwise have. The benefits include a Tier 1 award of $75 available to every class member (plus an additional $100 available to California subclass members) and options to claim reimbursement awards that will allow eligible Class Members to claim awards of up to $5,000 for costs related to the Data Incident, such as (1) unreimbursed or unauthorized charges, (2) up to eight hours of lost time spent at $25 per hour to help mitigate the losses caused by the Data Incident, and (3) out of pocket expenses.

Further, the Settlement requires Defendant to take protective measures to prevent similar release of PII in the future. Defendant is required to develop, implement, and maintain a comprehensive information security program that is reasonably designed to protect the security, integrity, and confidentiality of PII that Defendant collects or obtains from consumers.

Class Counsel negotiated these terms with, and obtained the results for the Class from, Herff Jones who mounted a strong defense with experienced data breach attorneys. The Settlement provides real benefits that will be available to Settlement Class Members in the very near future, rather than years from now, because of the efficient settlement of the case. This is a further enhancement to the value of the Settlement to the Class Members. *See Donovan v. Est. of Frank E. Fitzsimmons*, 778 F.2d 298, 309 n.3 (7th Cir. 1985) (recognizing that at a prime interest rate of 12.5 percent of a $2 million settlement sum today is worth the same as a $3.6 million recovery five years from now). As such, this factor weighs in favor of approval of this motion.

### 3.   The Complexity, Length, and Expense of the Litigation

Data breach class action lawsuits are complex, risky, and expensive to litigate. Class Counsel were aware that pursuing this case beyond settlement would be lengthy and expensive – it would require discovery, briefing, argument, trial, and potential appeals. All of this would require hundreds, or perhaps thousands, of hours, which would result in significant costs. Interim Class Counsel coordinated to avoid duplicating hours.  There is still work to be done in the case as well.  For example, Class Counsel will spend additional time drafting and filing Plaintiff's motion for final approval of the Settlement, preparing for and appearing at the final fairness hearing, overseeing claims administration, and resolving any appeals. As such, this factor weighs in favor of approval of Plaintiff's attorneys' fees request.

### 4.   The Stakes of the Litigation

Class action lawsuits are high stakes litigation and data breach class action lawsuits come with their own set of uncertainties. The Class Members' claims could have faced a number of defenses such as the possibility that the court would dismiss some or all of the claims, decline to certify the Class, or that Plaintiff would not prevail at trial. This factor weighs in favor of granting this motion because there was an uncertain nature of the lawsuit at the beginning of the case, yet Class Members are receiving the benefits of the Settlement.

## IV.   THE REQUESTED SERVICE AWARDS ARE REASONABLE AND APPROPRIATE

Representative plaintiff service awards encourage members of a class to become class representatives and reward individual efforts taken on behalf of a class. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (awarding $25,000).  "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the

degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.*

The requested award of $2,500 to each Representative Plaintiff is reasonable, justified, and accords with common practice. The Representative Plaintiffs stepped up and volunteered to take on the responsibilities, risks, and scrutiny of bringing a class action lawsuit. Each Representative Plaintiff engaged in discovery for the mediation, and was involved in the mediation process, authorizing the settlement for the entire Class. This benefitted the entire Class as without the Representative Plaintiffs there would not have been a class action lawsuit. All Representatives were willing to sit for depositions and to perform duties as the Court may have required if the case continued. *Id.*, ¶ 10. Further, plaintiffs in data breach cases risk further losses of privacy by stepping forward and being named, which justifies a reasonable service award.

Courts regularly award service awards in excess of $5,000. *See, e.g., Crawford Lumber Co. v. Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367, at *6 (N.D. Ill. Mar. 23, 2015) (approving an award of $25,000); *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, Nos. 07-CV-2898, 09-CV-2026, 2012 WL 651727 at 16 (N.D. Ill. Feb. 28, 2012) (awarding a $25,000 award to each of seven plaintiffs); *Cook*, 142 F.3d at 1016 (awarding award of $25,000); *see also Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) (awarding $5,000 where the case did not proceed past the earliest stages of discovery).

Furthermore, the total of all 12 service awards is $30,000, which represents merely 0.069% of the entire settlement fund of $4,350,000. Courts in this District have found that service awards of up to 2% of the total settlement fund are reasonable. *See Gallant v. Arrow Consultation Servs.*, 2020 U.S. Dist. LEXIS 77857 at *10 (S.D. Ind. May 4, 2020).

As such, the requested service award of $2,500 each is reasonable and warranted considering Representative Plaintiffs' participation and willingness to undertake the responsibilities and risks attendant with bringing this class action lawsuit.

## V.    CONCLUSION

The requested attorneys' fees, costs and expenses, and service award are reasonable and appropriate and should be approved by this Court. Plaintiffs, individually and on behalf of the Class Members, by and through Interim Class Counsel, pray that this Court enter an order: (a) granting Plaintiff's request for attorneys' fees and costs combined in the amount of $1,522,500; and service awards for each Representative Plaintiff in the amount of $2.500; and (b) granting such other and additional relief that this Court may deem just and appropriate.

Dated:  February 28, 2022                  Respectfully Submitted,

*/s/ Gary M. Klinger*

Kathleen A. Delaney #18604-49
**DELANEY & DELANEY LLC**
3646 Washington Blvd.
Indianapolis, IN 46205
Phone: (317) 920-0400
Fax: (317) 920-0404
kdelaney@delaneylaw.net

*Interim Liaison Counsel for Plaintiffs and the Putative Class*

Gary M. Klinger
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (202) 429-2290
Fax: (202) 249-2294
Email: gklinger@masonllp.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN  55401-2138
Email:  bbleichner@chestnutcambronne.com

Carl Malmstrom
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
111 West Jackson Boulevard, Suite 1700
Chicago, IL  60604-3597
Email:  malmstrom@whafh.com

*Interim Class Counsel for Plaintiffs and the*
*Putative Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 28, 2022, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Gary M. Klinger*
Gary M. Klinger